UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN ANTHONY CASTRO, ET AL.,

   Plaintiffs,

v.                                       No. 4:22-cv-0810-P

INTERNAL REVENUE SERVICE

   Defendant.

## ORDER

   Before the Court is Plaintiffs' Complaint (ECF No. 1) which contains an Emergency Application for a Temporary Restraining Order ("TRO"), filed on September 13, 2022. Plaintiffs request that the Court enjoin Defendant's expulsion of Plaintiffs from its electronic filing system for tax returns and order Defendant to reinstate Plaintiffs' associated filing and transmitter identification numbers. Having reviewed Plaintiffs' request and the applicable law, the Court concludes that the request for a TRO should be, and is hereby, **DENIED.**

   Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999). Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders. Plaintiffs' request for a TRO does not specify whether they wish to proceed ex parte, or whether notice has been provided to Defendant. Therefore, the Court considers both avenues in turn.

   Insofar as Plaintiffs are requesting that the Court grant an ex parte TRO, they have completely failed to discuss the issue of notice. Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

     (A) specific facts in an affidavit or a verified complaint clearly
         show that immediate and irreparable injury, loss, or damage

> will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B). Plaintiffs fail to certify via writing any of the efforts made to give notice to Defendant outside of filing proof of service of process. *See* ECF No. 5. In addition, given that Plaintiffs' request for a TRO is buried within their Complaint, the proof of service of process is not particularized to the degree that would put Defendant on notice as to Plaintiffs' request for immediate injunctive relief. *See id*. Plaintiffs also fail to explain the reasons why notice should not be required given the circumstances of this case. The Court therefore concludes that Plaintiffs' request for an ex parte TRO fails to meet the requirements of Rule 65(b)(1)(B).

In the alternative, if Plaintiffs are not seeking ex parte relief from the Court, they have failed to meet the requirements of a TRO. For a district court to grant a request for a TRO, a plaintiff must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the request is denied, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). When considering the degree of threat that the movant faces, a presently existing actual threat must be shown. *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001). The court cannot grant a request for injunctive relief "to prevent the possibility of some remote future injury" *Id*.

Plaintiffs allege two distinct threats of future injury if the Court were to deny their request for a TRO—a loss of business and reputational damage. Both are woefully inadequate as grounds to satisfy the second requirement for a TRO. First, Plaintiffs allege that they "cannot conduct business" based on the Defendant's conduct. *See* Pl.'s Compl., ¶ 172. But such a conclusory, perfunctory allegation of a loss of business falls well short of a particularized threat that would warrant immediate injunctive relief. *See Elite Med. Lab'y Sols., LLC v. Becerra*, No. 2:22-

2

CV-133-Z, 2022 WL 2704041, at *3 (N.D. Tex. July 11, 2022) (Kacsmaryk, J.) (stating that "irreparable harm is harm for which there is no adequate remedy at law.") Second, Plaintiffs contend that Defendant's publishing of its conduct via the Internal Revenue Bulletin will harm Plaintiffs' interest in their reputation. *See* Pl.'s Compl., ¶172. However, speculative injury is not sufficient—there must be more than an unfounded fear on the part of the movant. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The mere possibility that Plaintiffs' reputation will be harmed by Defendant's "stigmatizing allegations" is simply not a substantial threat of irreparable harm. Accordingly, the Court concludes that Plaintiffs' request for a TRO fails to satisfy the second requirement of obtaining a TRO. The Court need not address whether Plaintiffs have met their burden with respect to the remaining requirements for injunctive relief.

For these reasons, Plaintiffs' request for a TRO is **DENIED**.

**SO ORDERED** on this **14th day** of **September 2022.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE